UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (as successor-in-interest to Aetna Casualty and Surety Company),<br><br>Defendant. | C13-1463 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for reconsideration, docket no. 194, is DENIED. Before the Order dated November 12, 2019, docket no. 193, was entered, all parties, including defendant, were given a chance to review and object to or comment on a draft of such order. <u>See</u> Minute Order at ¶ 1 (docket no. 189). Having not taken advantage of the opportunity to articulate its position, defendant will not now be heard to complain about the Court's analysis. <u>See</u> Local Civil Rule 7(h) (requiring that parties bring their arguments to the Court's attention with "reasonable diligence"). Moreover, defendant has failed to establish any "manifest error" in the Court's ruling. <u>See id.</u> Contrary to defendant's assertion, to evaluate the reasonableness of the then-proposed settlement between General Insurance Company of America ("General") and Seattle Times Company, the Court was required to consider how the losses at issue would be allocated among the various insurance policies. <u>See</u> Order at 9:6-8 (docket no. 193). In its motion for reconsideration, defendant references only one component of the Court's hypothetical apportionments, namely as set forth in Table 1 on Page 10 of the Order, contending that

MINUTE ORDER - 1

the Court erroneously included "the General excess policy in an equal contribution with the underlying General primary policy, before the primary policy is exhausted." *See* Mot. at 2 (docket no. 194). Defendant misunderstands. Table 1 reflects that, of the $429,211.777 in soil remediation expenses owed by Seattle Times Company pursuant to a contract, the first $100,000 would exhaust the balance of General's primary policy. As a result, the remaining amount would be split evenly among General's excess policy for 1984-1985 and defendant's primary policy for 1985-1986, assuming that coverage was owed, an issue about which the Court expressly reserved judgment.

      (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of December, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk
